77114 PJO/la

IN THE COURT OF COMMON PLEAS

MADISON COUNTY, OHIO

State Farm Fire & Casualty Company
112 W. Washington Street
Bloomington, IL

    Plaintiff

vs.

Traxxas L.P.
1100 Klein Road
Plano, Texas 75074

    and

Horizon Hobby, Inc.
411 West University Avenue
Champaign, Illinois 61824

    and

John Doe Manufacturer One
1100 Klein Road
Plano, Texas 75074

    and

John Doe Manufacturer Two
411 West University Avenue
Champaign, Illinois 61824

    Defendants

CASE NO: CVB20150031

JUDGE:

**COMPLAINT**
(Jury Demand Endorsed Hereon)

This cause was previously filed in the Court of Common Pleas in Madison County under Case No. CV 2013 0181, said cause being dismissed voluntarily on or about October 1, 2014 and is presently being re-filed pursuant to the savings provisions of Ohio Revised Code §2305.19.

1. Plaintiff, State Farm Fire & Casualty Company (hereinafter "State Farm"), is an insurance company licensed to do business and issue policies of insurance in the State of Ohio, with its principal place of business located in Bloomington, Illinois 61702.

2. Defendant, Traxxas, L.P. is a Texas corporation with a principal place of business located at 1100 Klein Road in Plano, Texas, which conducts business in the State of Ohio. At all times relevant hereto, this Defendant was engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing supplying and/or selling of seven-cell, 8.4 volt, nickel-metal hydride (NiMH) batteries ("NiMH battery pack") for use in remote control cars it manufactures.

3. Defendant, Horizon Hobby, Inc., a Delaware corporation with a principal place of business located at 411 West University Avenue, Champaign, Illinois, which conducts business in the State of Ohio. At all times relevant hereto, this Defendant was engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing supplying and/or selling of Dynamite "Speedpack 4500mAh", seven-cell, 8.4 volt, nickel-metal hydride (NiMH) batteries with Traxxas Connector ("NiMH battery pack"), for use in remote control cars.

4. At all times material herein, John Doe Defendants One and Two were engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing supplying and/or selling of seven-cell, 8.4 volt, nickel-metal hydride (NiMH) batteries with Traxxas Connector ("NiMH battery pack"), for use in remote control cars.

5. On August 21, 2011, and at all times material herein, Plaintiff was the insurer, assignee, and subrogee of Timothy J. Schaub, who was the owner of the real property located at 281 Thames Ct. in London, Ohio and the personal property located therein.

6. On August 21, 2011, Plaintiff's insured was the owner of a remote controlled car manufactured by the Defendant Traxxas LP.

7. On August 21, 2011, Plaintiff's insured was the owner of a seven-cell, 8.4 volt, nickel-metal hydride (NiMH) batteries ("NiMH battery pack") designed, manufactured, maintained, assembled, tested, inspected, marketed, labeled, packaged, distributed, supplied and/or sold by the Defendants.

8. On August 21, 2011, at 281 Thames Court in London, Ohio, a "NiMH battery pack" manufactured by the Defendants ignited and burned, and caused damage to Plaintiff insured's real and personal property.

9. The aforementioned fire and resulting damages were the direct and proximate result of the aforementioned "NiMH battery pack" being defective at the time it left the hands of the Defendants.

10. The Defendants placed the subject "NiMH battery pack" product into the stream of commerce in a defective condition.

11. Plaintiff's insured was one of the ultimate users or consumers of the subject "NiMH battery pack".

12. At the time of the fire, the condition of the subject "NiMH battery pack" had not been materially altered or changed since it left the hands of the Defendants.

13. The aforementioned fire was the direct and proximate result of the defective condition of the subject "NiMH battery pack".

14. As a direct and proximate result of the fire, Plaintiff's insureds' real property was severely damaged and required repair and/or replacement in the total amount of $69,949.96.

15. As a direct and proximate result of the fire, Plaintiff's insureds' personal property was severely damaged and required repair and/or replacement in the total amount of $61,180.68.

16. As a direct and proximate result of the fire, Plaintiff's insured incurred additional living expenses while the real property was under repair in the total amount of $9,497.13.

17. Pursuant to its policy of insurance with its insured, Plaintiff was required to and did make payments to and/or on behalf of its insured for aforementioned damages in the amount of $141,127.77and became subrogated to said amount.

18. Defendants were the "Manufacturers" of the subject "NiMH battery pack" as defined in the Ohio Revised Code §2307.71(A)(9) which defines a "Manufacturer" as a "person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product".

19. Defendants were the "Suppliers" of the subject battery packs as defined in the Ohio Revised Code §2307.71(A)(15) which defines a "Supplier" as a person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce.

20. The aforementioned "NiMH battery pack" was defective in manufacture and/or construction, as defined by R.C. §2307.74, when it left the Defendants' control.

21. The aforementioned "NiMH battery pack" was defective in design or formulation as described in R.C. §2307.75, in that at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation of the "NiMH battery pack".

22. The aforementioned "NiMH battery pack" was defective due to inadequate warning or instruction as described in R.C. §2307.76.

23. The aforementioned "NiMH battery pack" was defective in design, production manufacture in that it failed to conform to the representations and/or warranties as described in R.C. §2307.77, that came with, or should have come with, said product, including, but not limited to implied warranties of merchantability, and/or implied warranty of fitness for a particular purpose.

24. Plaintiff has attempted to ascertain the identities of John Doe Defendants One and Two but has been unable to do so despite due diligence and reasonable inquiry.

Wherefore, Plaintiff demands judgment against the Defendants, jointly and/or severally, in the amount of $140,627.77, plus the costs of this action.

        KEIS GEORGE llp
        Attorneys for Plaintiff
        55 Public Square, #800
        Cleveland, Ohio 44113
        P: 216.241.4100 / F: 216.771.3111
        E: pomalley@keisgeorge.com

        BY: _Patrick J. O'Malley (0064987)_
              Trial Counsel

## JURY DEMAND

This Plaintiff hereby demands a jury comprised of the maximum number of jurors permitted by law.

        Patrick J. O'Malley (0064987)
        *Attorney for Plaintiff*